RECEIVED
IN LAKE CHARLES, LA
OCT - 9 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GULF COAST AUTOPLEX, LLC, PAUL E. ABRAHAM, KENNETH J. PHIPPS AND ADG, INC. | : | CIVIL ACTION NO. 2:08-cv-779 |
| VERSUS | : | JUDGE MINALDI |
| GENERAL MOTORS CORPORATION | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss, [doc. 9], filed by the defendant General Motors Corporation (hereinafter "GM"). The plaintiffs filed an Opposition [doc. 14]. GM filed a Reply [doc. 15]. The plaintiffs brought suit against GM for allegedly unreasonably denying an application to transfer a Cadillac franchise from one plaintiff to another plaintiff.[1] Filing suit in the 14th JDC, the plaintiffs alleged five causes of action.[2] GM seeks to dismiss two counts: the Louisiana Unfair Trade Practices Act (hereinafter "LUTPA") claim and the Louisiana Motor Vehicles Act (hereinafter "LMVA") claim.

## RULE 12(b)(6)

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is a motion to dismiss for failure to state a claim and challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the

---

[1] Compl. [doc. 1-2].

[2] *Id.*

1

plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp.2d 383, 388 (E.D. La. 2006).

"A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). To avoid dismissal under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## ANALYSIS

### LUTPA Claim

GM seeks dismissal of the plaintiffs' LUTPA claim because LUTPA only gives a cause of action to business competitors or persons engaged in "consumer transactions." The plaintiffs concede in their Opposition that they are not business competitors, but argue that they "are consumers of GM's products" because "[t]hey purchase cars from GM for resale to their customers."

LUTPA, La. Rev. Stat. Ann. § 51:1405 *et seq*, confers a right of action on any person who "suffers any ascertainable loss of money or movable property, corporeal or incorporeal," for damages resulting from unfair trade practices. La. Rev. Stat. Ann. § 51:1409. To sue under

LUTPA, a plaintiff must be a business competitor or engaged in a consumer transaction. *Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*, 922 F.2d 220, 226 (5th Cir. 1991). LUTPA defines "consumer transaction" as "any transaction involving trade or commerce to a natural person, the subject of which transaction is primarily intended for personal, family or household use." La. Rev. Stat. Ann. § 51:1402(3); *see also Wang*, 922 F.2d at 225-26 (finding no LUTPA cause of action where a medical clinic purchased a computer from Wang Laboratories because the purchase was not primarily intended for personal, family, or household use and was thus not a consumer transaction).

The plaintiffs argue that their LUTPA claim need not implicate a "consumer transaction." Since *Wang*, federal decisions have consistently interpreted LUTPA as permitting a cause of action for "consumer transactions" that are "primarily intended for personal, family or household use" and excluding a right of action for "consumers" outside of this definition. *See, e.g., Hamilton v. Bus. Partners, Inc.*, 938 F. Supp. 370, 372 (E.D. La. 1996); *Sudo Properties, Inc. v. Terrebonne Parish Consol. Gov't*, 04-2559, 2008 WL 2623000 (E.D. La. 7/2/08). Because the transaction here involved the sale of a motor vehicle dealership, which is not primarily intended for personal, family, or household use, the plaintiffs' LUTPA claim is dismissed.

### LMVA Claim

GM seeks to dismiss the plaintiffs' LMVA claim because the LMVA confers enforcement authority to the Louisiana Motor Vehicle Commission and not private individuals. *See Crescent City Motor Dealership v. Mazda Motor*, 00-1620, 2000 WL 1372965, at *2-3 (9/22/00). The plaintiffs argue that the LMVA provides a private right of action because the

3

purpose of the act is to promote the public interest and the public welfare.

The LMVA, La. Rev. Stat. Ann. §§ 32:1251 through 1257, "prohibits a manufacturer of motor vehicles from coercing dealers into any agreement, engaging in unfair practices with respect to dealers, and terminating dealerships 'unfairly and without just cause.'" *Id.* at *2. In *Crescent*, after a lengthy discussion of the LMVA, the Eastern District of Louisiana concluded that "[g]iven the lack of precedent or statutory language creating a private right of action and the enforcement scheme established in the statute...plaintiff has no standing to sue under the LMVA." *Id.* at *3. The Fifth Circuit affirmed. *Crescent City Motor Dealership v. Mazda Motor*, 275 F.3d 43 (5th Cir. 2001) (per curiam) (holding that "[t]he judgment of the district court is affirmed for the reasons given by that court in its order of September 21, 2000). Because binding federal precedent has established that the LMVA provides no private right of action, the plaintiffs' LMVA claim is dismissed; accordingly,

IT IS ORDERED that the Motion to Dismiss, [doc. 9], filed by GM, is hereby GRANTED;

IT IS FURTHER ORDERED that the plaintiffs' LUTPA and LMVA claims are hereby DISMISSED.

Lake Charles, Louisiana, this \_\_9\_\_ day of \_\_Oct\_\_\_\_\_, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE